In re:

CHERYL L. ENCISO

    Debtor.

_____/

Bankruptcy No. 12-32966
Honorable Daniel S. Opperman
Chapter 13

CHERYL L. ENCISO

    Plaintiff,

v.

FIFTH THIRD BANK

    Defendant.

_____/

Adversary Case No.

## COMPLAINT TO DETERMINE THE EXTENT OF THE JUNIOR MORTGAGE LIEN OF FIFTH THIRD BANK

**NOW COMES** PLAINTIFF, CHERYL L. ENCISO, by and through her attorneys, CHIMKO & ASSOCIATES, P.C., and **COMPLAINS** to this Honorable Court against FIFTH THIRD BANK, DEFENDANT, as follows:

1.     Jurisdiction of this matter is conferred on the Court by 28 USC § 1334(b).

2.     This is a core proceeding pursuant to 28 USC § 157(b)(2)(K).

3.     Venue is proper pursuant to 28 USC 1409(a).

4.     On July 17, 2012, PLAINTIFF'S Chapter 13 Case was commenced.

5.     A Chapter 13 Plan was filed on July 17, 2012, which proposes to strip the second mortgage lien of FIFTH THIRD BANK, DEFENDANT, on real property commonly known as 225 Sunflower Drive, Linden, MI 48451.

6.     There are 2 liens on the subject property; the first lien of BANK OF AMERICA (a copy of the pertinent portions of the said mortgage is attached hereto and made a part hereof by reference, being marked as Exhibit B) precedes the second lien of DEFENDANT (a copy of the pertinent portions of the said mortgage is attached hereto and made a part hereof by reference, being marked as Exhibit C).

7.     The total value of the lien of the first mortgage is at least $173,188.52 (a copy of the most recent Billing Statement available when this matter was commenced, indicating said balance is attached hereto and made a part hereof by reference, being marked as Exhibit D).

8.     The balance owing on the second mortgage of DEFENDANT is at least $29,182.71 (a copy of the Chapter 13 Trustee's record for DEFENDANT'S claim from PLAINTIFF'S prior Chapter 13 Bankruptcy case indicating said balance is attached hereto and made a part hereof by reference, being marked as Exhibit E); PLAINTIFF anticipates that DEFENDANT will claim a junior lien on the said real property located at 225 Sunflower Drive, Linden, MI 48451 (see Exhibit C).

9.     Pursuant to the appraisal performed by an independent certified appraiser, Joy L. Hull of Rapid Appraisal Services, LLC, the value of the subject property in today's market is $115,000.00 (a copy of said appraisal, dated June 25, 2012, is attached hereto and made a part hereof by reference, being marked as Exhibit F).

10.     11 USC § 506(a) allows a creditor to have a secured claim to the extent of the value of its interest in the estate's interest in the property, and an unsecured claim to the extent that its interest is less than the amount of its allowed secured claim.

11.     The interest of the first mortgage exceeds the value of the subject property.

12.     There is no remaining interest in the estate's interest in the property to which the lien of DEFENDANT can attach, rendering the interest of DEFENDANT as wholly unsecured.

13.     The entire claim of DEFENDANT should be treated as wholly unsecured.

**WHEREFORE**, PLAINTIFF prays that this Court enter the attached Order (see Exhibit A) determining that **the lien of DEFENDANT shall be stripped** from the following property: Land located in the City of Linden, County of Genesee, State of Michigan, and is described as follows:

Unit 62, SADDLEBROOK FARMS SITE CONDOMINIUM, according to the Master Deed recorded in Instrument No. 200201100002511, and designated as Genesee County Condominium Subdivision Plan No. 285, together with rights in general common elements and limited common elements as set forth in the above Master Deed and any amendments thereto, and as described in Act 59 of the Public Acts of 1978, as amended.

Dated: 9/7/12

Respectfully submitted:
**CHIMKO & ASSOCIATES,**

By: _/s/ Darryl J. Chimko_____
Darryl J. Chimko, Esq. (P31016)
Attorneys for Plaintiff
26212 Woodward Ave., Royal Oak, MI 48067
(248) 284-1661
dmengel@chimkolaw.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

In re:

CHERYL L. ENCISO

      Debtor.

_____/

Bankruptcy No. 12-32966
Honorable Daniel S. Opperman
Chapter 13

CHERYL L. ENCISO

      Plaintiff,

v.

FIFTH THIRD BANK

      Defendant.

_____/

Adversary Case No.

### ORDER DETERMINING THE EXTENT OF THE LIEN OF FIFTH THIRD BANK

PLAINTIFF HAVING DULY AND PROPERLY FILED THE COMPLAINT TO DETERMINE
THE EXTENT OF THE JUNIOR MORTGAGE LIEN OF FIFTH THIRD BANK,
DEFENDANT; NO PARTY IN INTEREST HAVING FILED AN ANSWER OR OTHER
RESPONSIVE PLEADING TO THE SAID COMPLAINT,

### THE FOLLOWING IS THE DETERMINATION OF THIS COURT:

**IT IS ORDERED** that upon completion of PLAINTIFF'S Chapter 13 Plan and the entry
of a Chapter 13 Discharge Order in Bankruptcy Case Number **12-32966**; the mortgage
("Mortgage") dated April 27, 2005, covering the following described property ("Property"):

Land located in the City of Linden, County of Genesee, State of Michigan, and is described as

follows:

Unit 62, SADDLEBROOK FARMS SITE CONDOMINIUM, according to the Master Deed
recorded in Instrument No. 200201100002511, and designated as Genesee County Condominium
Subdivision Plan No. 285, together with rights in general common elements and limited common
elements as set forth in the above Master Deed and any amendments thereto, and as described in
Act 59 of the Public Acts of 1978, as amended.

recorded in the Genesee County Register of Deeds on May 24, 2005,

**will be STRIPPED from the subject property and DISCHARGED.**

**IT IS FURTHER ORDERED** that upon completion of PLAINTIFF'S Chapter 13 Plan
and the entry of a Chapter 13 Discharge Order in Bankruptcy Case Number 12-32966,
PLAINTIFF may record a true copy of this order, with a copy of PLAINTIFF'S Chapter 13

Discharge Order attached with the Genesee County Register of Deeds, which will constitute and effectuate the DISCHARGE of the Mortgage.

**IT IS FURTHER ORDERED** that if PLAINTIFF fails to complete PLAINTIFF'S Chapter 13 Plan and obtain a Chapter 13 Discharge Order in Bankruptcy Case Number 12-32966, this **ORDER** does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of PLAINTIFF either to compel the holder of the Mortgage to execute a DISCHARGE of the Mortgage, or to otherwise act as a discharge of the Mortgage.

## EXHIBIT A



Instr:200808244854357  08/24/2005
Pri of 21    $874.00   8:31AM
Melvin Phillip McCree   72005331642U
Genesee County Register   MLAMEMICHW

_____ [Space Above This Line For Recording Data] _____

## MORTGAGE

Loan Number: 92142469
MIN 100015700050283759

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated APRIL 27TH, 2005
together with all Riders to this document.
**(B) "Borrower"** is CHERYL L ENCISO, A SINGLE WOMAN

Borrower's address is 225 SUNFLOWER DR., LINDEN, MI 48451
. Borrower is the mortgagor under this Security Instrument.
**(C) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that
is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee
under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and
has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)679-MERS.
**(D) "Lender"** is PROVIDENCE MORTGAGE COMPANY
Lender is a corporation organized and existing under the laws of THE STATE OF MICHIGAN
Lender's address is
500 N. HOMER, LANSING, MI 48912
**(E) "Note"** means the promissory note signed by Borrower and dated APRIL 27TH, 2005
The Note states that Borrower owes Lender
ONE HUNDRED SEVENTY-TWO THOUSAND EIGHT HUNDRED AND NO/100
Dollars (U.S. $ 172,800.00 ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than JUNE 1ST, 2035
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in
the Property."

MICHIGAN - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS  Form 3023 1/01 *(Page 1 of 16 pages)* Initials: CLE
EAGLEDOCS - (800) 913-3627 - WWW.EAGLEDOCS.COM

# EXHIBIT
B

LAN3999
AMERICAN TITLE CO. OF
LIVINGSTON
3899 E. GRAND RIVER AVE, STE 100
HOWELL, MICHIGAN 48843




**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the County of GENESEE

UNIT 62, SADDLEBROOK FARMS SITE CONDOMINIUM, ACCORDING TO THE MASTER DEED RECORDED IN INSTRUMENT NO. 200201100002511, AND DESIGNATED AS GENESEE COUNTY CONDOMINIUM SUBDIVISION PLAN NO. 285, TOGETHER WITH RIGHTS IN GENERAL COMMON ELEMENTS AND LIMITED COMMON ELEMENTS AS SET FORTH IN THE ABOVE MASTER DEED AND ANY AMENDMENTS THERETO, AND AS DESCRIBED IN ACT 59 OF THE PUBLIC ACTS OF 1978, AS AMENDED.

ITEM #: 61-21-651-062

which currently has the address of 225 SUNFLOWER DR., LINDEN, MICHIGAN
48451                                      ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.     **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note

MICHIGAN - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS   Form 3023 1/01 (Page 3 of 16 pages)   Initials: _____
EAGLEDOCS - (800) 913-3627 - WWW.EAGLEDOCS.COM





BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____      *Cheryl L Enciso*        (Seal)
                             CHERYL L ENCISO          -Borrower

_____      _____(Seal)
                                           -Borrower

_____(Seal)  _____(Seal)
                 -Borrower                      -Borrower

**STATE OF MICHIGAN,** LIVINGSTON        County ss:

The foregoing instrument was acknowledged before me this APRIL 27TH, 2005 by CHERYL L ENCISO, A SINGLE WOMAN

My Commission Expires:        *Teresa M. Wheeker*
                                Notary Public
                                            County, Michigan

This instrument was prepared by:
STEFANI BERTRAND

PROVIDENCE MORTGAGE COMPANY      TERESA M. WHEEKER
500 N. HOMER                   Notary Public, Livingston County, MI
LANSING, MI 48912             My Commission Expires April 30, 2011
                                  Acting in Livingston County

When recorded return to:
COUNTRYWIDE HOME LOANS, INC.
DOCUMENT PROCESSING, M/S SV-79 1800 TAPO CANYON
SIMI VALLEY, CA 93063

MICHIGAN - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS  Form 3023 1/01 *(Page 16 of 16 pages)*  Initials: *CLE*
EAGLEDOCS - (800) 913-3627 - WWW.EAGLEDOCS.COM



Instr:200502240054308
Pt 7      F1032.00    05/34/2005
                                8:32PM
Melvin Phillip McCree  T200502184440
Genesee County Register  FLORENTCAN

**FIFTH THIRD BANK (WESTERN MICHIGAN)**
**NOTICE: THIS IS A FUTURE ADVANCE MORTGAGE**          000000000858128077

**OPEN-END MORTGAGE**

THIS MORTGAGE, made this      April 27, 2005       between the
Mortgagor. CHERYL L ENCISO, A SINGLE WOMAN
WHOSE ADDRESS IS, 225 SUNFLOWER DR LINDEN, MI 48451


(herein "Borrower"), and the Mortgagee, FIFTH THIRD BANK (WESTERN MICHIGAN)
a banking corporation organized and existing under the laws of MICHIGAN      , whose address is
1850 EAST PARIS GRAND RAPIDS, MI 49546                    (herein "Lender").

**THE MAXIMUM PRINCIPAL AMOUNT, EXCLUDING PROTECTIVE ADVANCES,**
**THAT MAY BE SECURED BY THIS MORTGAGE IS $ 29,600.00**

Whereas Borrower is indebted to Lender, which indebtedness is evidenced by Borrower's
Home Equity Agreement dated    04/27/05              (herein "Agreement"),
providing for monthly installments of principal and interest;

To Secure to Lender the repayment of such sums as Lender may have advanced or may hereafter
advance to Borrower up to a maximum sum of  Twenty Nine Thousand Six Hundred AND 00/100
                    Dollars ($ 29,600.00           )   plus interest and other sums,
with interest thereon, advanced in accordance herewith to protect the security of this Mortgage, and the
performance of the covenants and agreements of Borrower herein contained and as set forth in the
agreement; this Mortgage to be a continuing security for any and all such sums, principal and interest,
all according to the terms of this Mortgage and Agreement which is a revolving open-end credit plan
obligating Lender at any time to extend credit to Borrower up to the amounts stated above. Borrower
does hereby mortgage, grant and convey to Lender, with power of sale, the following described property
located in  GENESEE              County MICHIGAN

**SEE ATTACHED EXHIBIT "A"**

which has the address of 225 SUNFLOWER DR LINDEN, MI 48451-0000
                    ("Property Address");

05415673                                                      (page 1 of 6)

                            LAN3999  32.00        MIM1 (04/04)           1/1
                    AMERICAN TITLE CO. OF
                        LIVINGSTON
                3399 E GRAND RIVER AVE. STE 100
                    HOWELL  MICHIGAN 48843

# EXHIBIT
C



Exhibit "A"

4.   The land referred to in this Commitment is located in the City of Linden,
     County of Genesee, State of Michigan, and is described as follows:

Unit 62, SADDLEBROOK FARMS SITE CONDOMINIUM, according to the Master
Deed recorded in Instrument No. 20020110002511, and designated as Genesee
County Condominium Subdivision Plan No. 285, together with rights in general
common elements and limited common elements as set froth in the above Master
Deed and any amendments thereto, and as described in Act 59 of the Public Acts
of 1978, as amended.





Inst(r) 200603240054358     03/24/2006
P:6 of 7     F:532.00          8:32PM
Melvin Philip McCree   T200600184008
Genesee County Register   ALRMENICAN

Borrower has executed this Mortgage.

_Cheryl L Enciso_ _____ (Seal)
CHERYL L ENCISO

_____ (Seal)

_____ (Seal)

_____ (Seal)

STATE OF ___MI___, ___LIVINGSTON___ COUNTY

On this    27th DAY OP April, 2005,          before me, a Notary Public in and for said County and State, personally appeared
CHERYL L ENCISO, A SINGLE WOMAN
    WHOSE ADDRESS IS, 225 SUNFLOWER DR LINDEN, MI 48451

the individual(s) who executed the foregoing instrument and acknowledged that HE/SHE did examine and read the same and did sign the foregoing instrument, and that the same is HIS/HER free act and deed.
    IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission Expires:

    (Seal)   **TIM A. GROSE**                Notary Public _____    Notary Public
             Notary Public, Livingston County, MI                         County, Michigan
             My Commission Expires 3-12-07    My commission expires: _____

_Return to →_
This instrument was prepared by:     _TIM A. GROSE_

                                     FIFTH THIRD BANK (WESTERN MICHIGAN)
                                     1850 EAST PARIS
                                     GRAND RAPIDS MI 49546
                                     MD ROPS43                            (page 6 of 6)

                                                                          MIM6 (04/05)

**Bank of America** 
Home Loans

# PAYOFF DEMAND STATEMENT

*Payoff Department, Mail Stop TX2-981-03-13*
*7105 Corporate Drive*
*Plano, TX 75024-4100*

ATY          9-773-46594-0000045-001-1-000-000-000-000

225 SUNFLOWER DR
LINDEN, MI 48451

| **Statement Void After** |
| **July 12, 2012** |

Statement Date
June 28, 2012

Bank of America, N.A.
Loan No.:      92142469

Name & Property Address:
Cheryl L Enciso
225 Sunflower Dr
Linden, MI  48451

Escrow #                    X

## This loan is in Foreclosure.
The expiration of this demand is the sooner of the above Void After date or the foreclosure sale date.

(CV-JMB-ARM)

| PAYOFF CALCULATION | | |
|---|---|---|
| | Principal Balance as of 09/01/2011 | $166,842.31 |
| | Interest from 09/01/2011 to 07/12/2012 | 4,368.82 |
| | Uncollected Late Charges | 164.93 |
| | Fees Due | 475.00 |
| | Additional Fees and Costs | 931.76 |
| | Escrow Balance Due | 380.70 |
| | **Total Amount Required to Release Lien** (As of July 12, 2012) | **$173,163.52** |
| | Return Item Fee - Due From Borrower | 25.00 |
| **Total Amount Due** | | **$173,188.52** |

*AMENDED DEMAND STATEMENTS ARE SENT AUTOMATICALLY IF THE TOTAL AMOUNT DUE INCREASES BEFORE JULY 12, 2012.*

To provide you with the convenience of an extended 'Statement Void After' date, the Total Amount Due may include estimated fees, costs, additional payments and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued. You will receive a refund if you pay the Total Amount Due and those anticipated fees, expenses, or payments have not been incurred.

## INTEREST CALCULATIONS

For all full month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest, irrespective of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365 day year.

Adjustable rate mortgage loans may have more than one interest rate in effect during the period in which this demand statement applies. Amended demand statements are sent automatically if the total amount due increases before July 12, 2012.

| Daily Interest¹ | From | To | Interest rate |
|---|---|---|---|
| 14.8152 | 07/01/2012 | 07/12/2012 | 3.2500 |

¹Daily Interest = Principal Balance x Interest Rate ÷ 365

## PAYOFF INSTRUCTIONS

Payoff funds must be made payable to **Bank of America, N.A.** and will be accepted by **WIRE** or **CERTIFIED FUNDS ONLY**. They **MUST** reference the **Bank of America, N.A. loan number, property address** and **borrower's name** in the OBI (Originator Beneficiary Information) field of the wire transfer or on the face of the check and must be sent per the instructions below. Failure to do so may cause delays resulting in additional interest due or the return of the funds to the remitter. Funds received after 4:00 p.m. Central Time may be posted the following business day.

Wire Funds to:                          Name of Bank: Bank of America, N.A.
Beneficiary Bank: Bank of America

**EXHIBIT**
D

**Claim 3  FIFTH THIRD BANK**
**1830 E. PARIS SE**
**MD#RSCB3E**
**GRAND RAPIDS MI 49546**
**(877) 812-0490**

(Use CTRL-P to Print this Page)

Close Window

Disbursements to this Claim

## CLAIM DETAIL

| Case Number | 0835344 |
|---|---|
| Creditor | FIFTH THIRD BANK |
| Trustee's Claim Number | 3 |
| Court's Claim Number | 6 |
| Claim Type | H - UNSECURED (U) |
| Claim Filed Date | Tuesday, February 24, 2009 |
| Mortgage Due Date | |

## CLAIM AMOUNTS

| Claimed Amount | $29,345.13 |
|---|---|
| Scheduled Amount | $29,225.00 |
| Amount Paid Outside | $0.00 |
| Monthly Payment | $0.00 |
| Principal Owed | $1,304.84 |
| Principal Paid | $162.42 |
| Principal Due | $0.00 |
| Interest Rate | 0.00 |
| Interest Paid | $0.00 |
| Interest Due | $0.00 |
| Collateral Value | $0.00 |
| Collateral Description | |
| Limit | $0.00 |
| Plan Code | $0.00 |
| Percent Allowed | 5.00 |
| Months to Calculate | 0.00 |

## CLAIM FLAGS

| Payee Level | 33 |
|---|---|
| Comment | 225 SUNFLOWER (2ND) |
| Account Number | 8077 |
| No Cost | |
| No Check | |
| Delete | |
| Reserve | |
| Stop Disbursement | |
| Continuing | |
| Special | |

## CREDITOR INFORMATION

| Creditor Name | FIFTH THIRD BANK |
|---|---|
| Address 1 | 1830 E. PARIS SE |
| Address 2 | MD#RSCB3E |
| Address 3 | GRAND RAPIDS MI |
| Zip Code | 49546-0000 |
| Contact Name | |
| Phone Number | (877) 812-0490 |
| Creditor Number ShortCut | |

| Additional Names and Addresses | Date of Last Change |
|---|---|
| FIFTH THIRD BANK BANKING CTR • 38 | |



## PAYMENT HISTORY FOR CLAIM 3 - FIFTH THIRD BANK

(Latest Payments First)          Insurance-

| Disb Date | Check Number | Payee Name | Type | Prev. Cred- Amount |
|---|---|---|---|---|
| 7/2/2012 | xx4881 | FIFTH THIRD BANK | AMOUNTS DISBURSED TO CREDITOR | $45.72 |
| 6/1/2012 | xx2974 | FIFTH THIRD BANK | AMOUNTS DISBURSED TO CREDITOR | $45.74 |
| 5/1/2012 | xx1009 | FIFTH THIRD BANK | AMOUNTS DISBURSED TO CREDITOR | $45.25 |
| 4/2/2012 | xx9032 | FIFTH THIRD BANK | AMOUNTS DISBURSED TO CREDITOR | $25.71 |

**EXHIBIT**



File No. J2500

# APPRAISAL OF



A SINGLE FAMILY RESIDENCE

## LOCATED AT:

225 Sunflower Dr
Linden, MI 48451

## CLIENT:

Cheryl Enciso
225 Sunflower Dr
Linden, MI 48451-9153

## AS OF:

June 25, 2012

## BY:

Joy L. Hull



EXHIBIT
F

2574 Airport Rd, Waterford, MI 48329   218-673-5400

06/26/2012

Cheryl Enciso
225 Sunflower Dr
Linden, MI 48451-9153

File Number: J2500

In accordance with your request, I have appraised the real property at:

225 Sunflower Dr
Linden, MI 48451

The purpose of this appraisal is to develop an opinion of the defined value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the defined value of the property as of   June 25, 2012                          is:

$115,000
One Hundred Fifteen Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final opinion of value, descriptive photographs, assignment conditions and appropriate certifications.

*Joy L. Hull*
Joy L. Hull

2574 Airport Rd, Waterford, MI 48329   218-673-5400

**PURPOSE**

This report is limited to the sole and exclusive use of the client. The appraiser's opinions and conclusions set forth in this report may not be understood properly without additional information in the appraiser's workfile. The purpose of this appraisal report is to provide the client with a credible opinion of the defined value of the subject property, given the intended use of the appraisal.

| | |
|---|---|
| Client Cheryl Enciso | E-mail chemaroke03@charter.net |
| Client Address 225 Sunflower Dr | City Linden   State MI   Zip 48451-9153 |

Intended Use Per the client, the scope of this appraisal is for a current market value. This report is not intended for lending purposes. The purpose of this appraisal is to determine a current market value.

**SUBJECT**

| | |
|---|---|
| Property Address 225 Sunflower Dr | City Linden   State MI   Zip 48451 |

Other Description (APN, Legal, etc.), if applicable   Legal Description: UNIT 62 SADDLEBROOK FARMS (03) FR 6121300023.

Parcel # 6121651062

| | | |
|---|---|---|
| Property Rights Appraised | [X] Fee Simple   [ ] Leasehold   [ ] Other (describe) | |
| Subject property existing use: Single Family Residential | | Use reflected in appraisal: Residential |
| Highest and Best Use: | [X] Existing   [ ] Other: | |

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Prior Sale/Transfer:   Date None Noted   Price N/A   Source(s) Realcomp Online/PRD

**SALES HISTORY**

Analysis of prior sale transfer history of the subject property (and comparable sales, if applicable)   The subject has not sold or transferred in the past 3 years. There has been no 12 month listing history.

Offerings, options and contracts as of the effective date of the appraisal   There are no current offerings, options or contracts for the subject property as of the effective date of this appraisal report.

Marketability Comments:   See Attached Addendum

**COMMENTS**

Site Comments: Lot Size: 80x134. This is an average size lot for the area. The lot is basically level. No adverse easements or encroachments were observed. No external obsolescence noted. This area of Linden is serviced by the Linden School District.

Improvement Comments:   The subject is a 2 story colonial style home with 3 bedrooms, 2.5 bathrooms, unfinished basement foundation and a 2 car attached garage. The homes interior is that of standard builder quality. Original kitchen and baths. No improvements in the past 8 years per the owner.

**SALES COMPARISON APPROACH**

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| 225 Sunflower Dr | | 215 Sunflower Dr | | 144 Rockway | | 312 Pauline Pass | |
| Address Linden | | Linden | | Linden | | Linden | |
| Proximity to Subject | | 0.02 miles S | | 0.14 miles SE | | 0.93 miles NW | |
| Sale Price | $ Market Value | | $ 109,900 | | $ 93,000 | | $ 118,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 81.65 sq. ft. | | $ 69.20 sq. ft. | | $ 69.62 sq. ft. | |
| Data Source(s) | Inspection | MLS #211076956 | | MLS #5030004545 | | MLS #211083623 | |
| Verification Source(s) | PRD | MLS Data | | MLS Data | | MLS Data | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sale or Financing | N/A | Cash | | Cash | | FHA | |
| Concessions | | 0 | | 0 | | 0 | |
| Date of Sale/Time | N/A | 10/21/2011 | | 09/28/2011 | | 04/28/2012 | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 80x134 | 80x120 | | 100x119 | | 99x127 | |
| View | Residential | Residential | | Residential | | Residential | |
| Design (Style) | 2 Story | 1 Story | | 2 Story | | 2 Story | |
| Quality of Construction | Vinyl | Vinyl | | Vinyl | | Vinyl | |
| Actual Age | 9 Years | 8 Years | | 9 Years | | 8 Years | |
| Condition | Average | Average | | Average | | Average | |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 7   3   2.5 | 6   3   2 | +2,500 | 6   3   2.5 | | 6   3   2.5 | |
| Gross Living Area 15.00 | 1,615 sq. ft. | 1,346 sq. ft. | 4,000 | 1,344 sq. ft. | 4,100 | 1,695 sq. ft. | -1,200 |
| Basement & Finished | Basement | Basement | | Basement | | Basement | |
| Rooms Below Grade | Unfinished | Part Finished | -2,000 | Unfinished | | Unfinished | |
| Functional Utility | 3 Bedroom | 3 Bedroom | | 3 Bedroom | | 3 Bedroom | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | FWA C/Air | | FWA C/Air | |
| Energy Efficient Items | Standard | Standard | | Standard | | Standard | |
| Garage/Carport | 2 Car Att. Garage | 2 Car A Garage | | 2 Car A Garage | | 2 Car A Garage | |
| Porch/Patio/Deck | Std. Porch/Deck | Std. Porch/Deck | | Std. Porch/Deck | | Std. Porch/Deck | |
| Fireplace | 1 Fireplace | 1 Fireplace | | None | +1,000 | None | +1,000 |
| | Private Owned | Short Sale +5% | 5,495 | Short Sale +5% | 4,650 | Short Sale +5% | 5,900 |
| Days on Market | DOM:N/A | DOM:66 | | DOM:61 | | DOM:120 | |
| Net Adjustment (Total) | | [X]+ [ ]- $ | 9,995 | [X]+ [ ]- $ | 9,750 | [X]+ [ ]- $ | 5,700 |
| Adjusted Sale Price | | Net Adj. 9.1 % | | Net Adj. 10.5 % | | Net Adj. 4.8 % | |
| of Comparables | | Gross Adj. 12.7 % $ | 119,895 | Gross Adj. 10.5 % $ | 102,750 | Gross Adj. 6.9 % $ | 123,700 |

Summary of Sales Comparison Approach   See Attached Addendum

gpar™
(general purpose appraisal report)

Produced using ACI software, 800.234.8727 www.aciweb.com   Page 1 of 3

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 01/2009
GPARRES2_0309112008

12-03327-dof   Doc 1   Filed 09/07/12   Entered 09/07/12 07:34:37   Page 16 of 22

# Restricted Use Residential Appraisal Report

File No. J2500

| Methods and techniques employed: | [X] Sales Comparison Approach | [ ] Cost Approach | [ ] Income Approach | [ ] Other: |

Discussion of methods and techniques employed, including reason for excluding an approach to value:   Greatest weight is given to the sales comparison approach as it reflects the current trends in the market. The cost approach is not a reliable factor in determining an estimated value due to the subjects actual age. The income approach is not applicable as the area is predominately owner occupied.

Reconciliation comments: Appraisers are required to be licensed by the State of Michigan and are regulated by the Department of Energy, Labor and Economic Growth, P.O. Box 30018, Lansing, MI 48909. As of the data of this appraisal report the signing appraiser(s) has/have completed the required continuing educational program.

Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) opinion of the defined value of the real property that is the subject of this report as of   June 25, 2012   , which is the effective date of this appraisal, is:

[X] Single point $ 115,000   [ ] Range $ _____ to $ _____   [ ] Greater than  [ ] Less than  $ _____

This appraisal is made [X] "as is," [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,

[ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed   [ ] subject to the following:

## Appraiser's Certification

The appraiser(s) certifies that, to the best of the appraiser's knowledge and belief:

1. The statements of fact contained in this report are true and correct.

2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are the appraiser's personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3. Unless otherwise stated, the appraiser has no present or prospective interest in the property that is the subject of this report and has no personal interest with respect to the parties involved.

4. The appraiser has no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

5. The appraiser's engagement in this assignment was not contingent upon developing or reporting predetermined results.

6. The appraiser's compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

7. The appraiser's analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*.

8. Unless otherwise noted, the appraiser has made a personal inspection of the property that is the subject of this report.

9. Unless noted, no one provided significant real property appraisal assistance to the appraiser signing this certification. Significant real property appraisal assistance provided by:

### Additional Certifications:

This appraiser feels that the comparables in this report are good for comparative purposes and support the estimate value in this report. Data was obtained from the property owner, MLS, County PRD, Local PRD and Realcomp Online PRD. These data sources are deemed to be reliable, however not guaranteed. Due to the current state of the market, the subject property, if listed at the estimated market value, could sell for this amount or a lesser than the estimated market value in this report. This is a direct reflection of the ongoing declining market.

Type of Value: [X] Market Value   [ ] Other Value: _____

Source of Definition: _____

Definition of Value: Market Value

Market value definitions in the USA

In the US, appraisals are performed to a certain standard of value (e.g. -- foreclosure value, fair market value, distressed sale value, investment value). The most commonly used definition of value is Market Value. While USPAP does not define Market Value, it provides general guidance for how Market Value should be defined: a type of value, stated as an opinion, that presumes the transfer or sale of a property as of a certain date, under specific conditions set forth in the definition of the term identified by the appraiser as applicable in an appraisal. Thus, the definition of value used in an appraisal or CMA analysis and report is a set of assumptions about the market in which the subject property may transact. It becomes the basis for selecting comparable data for use in the analysis. These assumptions will vary from definition to definition but generally fall into three categories.

## APPRAISER

Signature: *Joy L. Hull*

Name: Joy L. Hull

State Certification # _____

or License # 1201004399

or Other (describe): _____   State #: _____

State: MI

Expiration Date of Certification or License: 07/31/2013

Date of Signature and Report: 06/26/2012

Date of Property Viewing: 06/25/2012

Degree of property viewing:

[X] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view

## CO-APPRAISER

Signature: _____

Name: _____

State Certification # _____

or License # _____

State: _____

Expiration Date of Certification or License: _____

Date of Signature: _____

Date of Property Viewing: _____

Degree of property viewing:

[ ] Interior and Exterior   [ ] Exterior Only   [ ] Did not personally view

gpar™
general purpose appraisal report

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 2 of 3

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc.. All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 01/2008
GPAR8232_09 08112008

## Scope of Work, Assumptions and Limiting Conditions

Scope of work is defined in the Uniform Standards of Professional Appraisal Practice as " the type and extent of research and analyses in an assignment." In short, scope of work is what the appraiser did and did not do during the course of the assignment. It includes, but is not limited to: the extent to which the property is identified and inspected, the type and extent of data researched, the type and extent of analyses applied to arrive at opinions or conclusions.

The scope of this appraisal and ensuing discussion in this report are specific to the needs of the client and the intended use of the report. This report was prepared for the sole and exclusive use of the client for the identified intended use and its use by any other parties is prohibited. The appraiser is not responsible for unauthorized use of the report.

The appraiser's certification in this appraisal report is subject to the following conditions and to such other specific conditions as are set forth by the appraiser in the report. All extraordinary assumptions and hypothetical conditions are stated in the report and might have affected the assignment results.

1. The appraiser assumes no responsibility for matters of a legal nature affecting the property appraised or title thereto, nor does the appraiser render any opinion as to the title, which is assumed to be good and marketable. The property is appraised as though under responsible ownership.

2. Any sketch in this report may show approximate dimensions and is included only to assist the reader in visualizing the property. The appraiser has made no survey of the property.

3. The appraiser is not required to give testimony or appear in court because of having made the appraisal with reference to the property in question, unless arrangements have been previously made thereto.

4. Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report, nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent of the appraiser.

5. The appraiser will not disclose the contents of this appraisal report unless required by applicable law or as specified in the Uniform Standards of Professional Appraisal Practice.

6. Information, estimates, and opinions furnished to the appraiser, and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished to the appraiser is assumed by the appraiser.

7. The appraiser assumes that there are no hidden or unapparent conditions of the property, subsoil, or structures, which would render it more or less valuable. The appraiser assumes no responsibility for such conditions, or for engineering or testing, which might be required to discover such factors. This appraisal is not a home inspection or environmental assessment of the property and should not be considered as such.

8. The appraiser specializes in the valuation of real property and is not a home inspector, building contractor, structural engineer, or similar expert, unless otherwise noted. The appraiser did not conduct the intensive type of field observations of the kind necessary to seek and discover property defects. The viewing of the property and any improvements is for purposes of developing an opinion of the defined value of the property, given the intended use of this assignment. Statements regarding condition are based on surface observations only. The appraiser claims no special expertise regarding issues including, but not limited to: foundation settlement, basement moisture problems, wood destroying (or other) insects, pest infestation, radon gas, lead based paint, mold or environmental issues. Unless otherwise indicated, mechanical systems were not activated or tested.

This appraisal report should not be used to disclose the condition of the property as it relates to the presence/absence of defects. The client is invited and encouraged to employ qualified experts to inspect and address areas of concern. If negative conditions are discovered, the opinion of value may be affected.

Unless otherwise noted, the appraiser assumes the components that constitute the subject property improvement(s) are fundamentally sound and in working order.

Any viewing of the property by the appraiser was limited to readily observable areas. Unless otherwise noted, attics and crawl space areas were not accessed. The appraiser did not move furniture, floor coverings or other items that may restrict the viewing of the property.

9. Appraisals involving hypothetical conditions related to completion of new construction, repairs or alteration are based on the assumption that such completion, alteration or repairs will be competently performed.

10. Unless the intended use of this appraisal specifically includes issues of property insurance coverage, this appraisal should not be used for such purposes. Reproduction or Replacement cost figures used in the cost approach are for valuation purposes only, given the intended use of the assignment. The Definition of Value used in this assignment is not consistent with the definition of Market Value for property insurance coverage/use unless otherwise stated by the appraiser.

### Additional Comments Related To Scope Of Work, Assumptions and Limiting Conditions

The property rights appraised are Fee Simple Estate. Defined as "Absolute ownership encumbered by any other interest or estate subject only to the limitations imposed by governmental powers of taxation, eminent domain, police power and escheat." The valuation process involves both an interior and exterior inspection of the subject by the appraiser. The appraiser then gathers, analyzes and confirms applicable market data information using several different resources available including city hall assessors records, the MLS system, and any other local or government records that could be relevant to this assignment. The appraiser then applies the data collected to the applicable approaches to value, reconciles the results and provides an opinion of market value.

### Client and Intended Use of the Appraisal

The client is identified on page one of this form. This appraisal is to be used for determining a fair market value. This Appraisal is not for lending purposes. This appraisal may not be utilized for any other use or distributed in part or in the whole for any other use by the client/homeowner without the specific written consent of the appraiser. Neither all nor any part of the contents of this report shall be conveyed to any person or entity, through advertising, solicitation materials, public relations, news, sales, or other media without the specific written consent and approval of the appraiser. The identity of the appraiser or firm with which the appraiser is connected, or any reference to any affiliation with any professional appraisal organization or designation may not be conveyed. If this report is placed in the hands of anyone but the client, the client shall make such party or parties aware of all the assumptions and limiting condition of the assignment and the use of the report.

**gpar**™
general purpose appraisal report

Produced using ACI software, 800.234.8727 www.aciweb.com
Page 3 of 3

This form Copyright © 2005-2010 ACI Division of ISO Claims Services, Inc., All Rights Reserved.
(gPAR™) General Purpose Appraisal Report 01/2008
GPARRES2_08 08112008

12-03327-dof     Doc 1     Filed 09/07/12     Entered 09/07/12 07:34:37     Page 18 of 22

| Client: Cheryl Enciso | | File No.: J2500 | |
|---|---|---|---|
| Property Address: 225 Sunflower Dr | | Case No.: | |
| City: Linden | State: MI | | Zip: 48451 |

**Additional Limiting Conditions and/or Comments**
The data contained in the appraisal report has been compiled by the appraiser from the following sources: Inspection and research of the subject property to identify dimensions, construction, physical condition and other physical, functional or external factors. Research of municipal offices and registry of deeds, either directly or through third party data base records, to identify assessments, transfer activity, site parameters and other pertinent factors. Contact with appropriate real estate brokers, developers, appraisers and other knowledgeable sources to identify relevant market data and trends that may influence such economic or demographic trends. All forms of deprecation are specifically addressed in the attached report or addenda. Physical deprecation is based on the estimate effective age of the subject property. All sources have been noted where appropriate and all data has been confirmed whenever possible.

Personal property included in the home, or in the sales price of the subject is considered to have no contributory value, thus the final estimate of value reflects real property only.

Appraisers are required to be licensed by the State of Michigan and are regulated by the Department of Energy, Labor and Economic Growth, P.O. Box 30018, Lansing, MI 48909. As of the effective date of this appraisal report the signing appraiser(s) has/have completed the required continuing educational program.

**Analysis of Current Agreement**
In reference to the above mentioned property this report contains digital signatures. The Appraisal Standards Board of the Appraisal foundation addresses electronic signatures in statement No. 8 dated January 1, 1996. The board states, "Electronically affixing a signature to a report carries the same level of authenticity and responsibility as an ink signature on a paper copy report." Our software allows each appraiser to electronically "lock" their digital signature to a report, access to the report data is gained through a coded password, such password allows for data integrity.
**Neighborhood Market Conditions**
This area is very well maintained showing good curb appeal. Most homes have average landscaping and well groomed. Conventional financing is readily available at rates and terms acceptable to the average purchaser, with general marketing time that could exceed 180 days. No external factors are present affecting the value or marketability at the time of this appraisal. The current market is commonly called a buyers market. There is a decline in home values in this area due to current economics, foreclosures and longer marketing times. This is based on the national, regional and community data supplied by the local Association of Realtors. The declining market trend as described and explained in the above comment is the rate of downward housing prices in Michigan. This pertains to both condominium and single family residences. This is not an isolated area. The entire state as well as most areas nationally are experiencing this downward trend. This also would explain any adjustments made for time. I am not aware of any data that would indicate that the subjects market area is significantly different than its neighboring communities in which the subject property is located. As a result of continued job losses in the State of Michigan, with Michigan having a high rate of unemployment, home sales continue to show a decline in value. In the subjects immediate area per the MLS/Realcomp published reports this area shows a 5-40% decline. Only prolonged job losses, subsequent forced home sales and rising foreclosures will lead to home prices to decline. This has caused an imbalance between the supply an demand and is causing home values to to drop. This appraiser did not observe any other negative factors that would adversely affect market appeal, as this subdivision is considered to be affordable and desirable for this price range and area. This appraiser is unable to determine past or future effect of economical conditions into the current housing market. Appraisers are also unable to determine the standard rate of increase or decrease in the State of Michigan, within this neighborhood, city or county.

**Comments on Sales Comparison**
When searching for comparable sales in the subject's market area, the first and foremost attempt was made to find sales that were similar to the subject property. Due to the unfavorable market conditions, low turn over of homes, and few private sales selling at arm's length it may have been necessary and relevant to use short sale homes as comparables. Short sales are driving the current market in this area. Furthermore, due to the preponderance of bank owned or short sales, they are competing against privately owned homes in both actively listed homes and sale prices. According to the principle of substitution, a buyer will not pay more for one property than for another that is equally desirable. All three, private owned, bank owned and short sale properties were utilized in this report. All three sales in this report, 1 & 2 being in the subjects immediate subdivision were noted as selling as short sales. A 5% adjustment was warranted.

This appraiser has attempted to find a range of comparables most similar in square footage, age, location, condition and overall similarities to the subject. This appraiser selected homes in the subject's immediate market area and school district.
Consideration was given to all 3 comparables, with equal weight given to all comparables. They all have some similarities to the subject in terms of style, age, amenities, location, quality of construction, and overall buyer appeal.
The comparables utilized, as adjusted, provide a comprehensive analysis of the current market trends in this area of Linden.

It should be noted that all comparable data is originally generated from Realcomp Online. One source of information is insufficient to provide accurate and credible results. The scope of this appraisal is to obtain a fair market value.
This appraiser has tried to utilized the best available data sources including, but not limited to the following: Realcomp Online, City Assessor, building/zoning records, realtors, various county/state records and plat maps. The aforementioned sources are typically sufficient, however, sometimes available and accessible recorded data on a given property may be extremely minimal. The information/data provided in this report is deemed reliable, but not guaranteed.

| Client: Cheryl Enciso | | File No.: J2500 | |
|---|---|---|---|
| Property Address: 225 Sunflower Dr | | Case No.: | |
| City: Linden | State: MI | | Zip: 48451 |



**FRONT VIEW OF
SUBJECT PROPERTY**

Appraised Date: June 25, 2012
Appraised Value: $ 115,000



**REAR VIEW OF
SUBJECT PROPERTY**



STREET SCENE

| Client: Cheryl Enciso | File No.: J2500 | |
|---|---|---|
| Property Address: 225 Sunflower Dr | Case No.: | |
| City: Linden | State: MI | Zip: 48451 |



**COMPARABLE SALE #1**

215 Sunflower Dr
Linden
Sale Date: 10/21/2011
Sale Price: $ 109,900



**COMPARABLE SALE #2**

144 Rockway
Linden
Sale Date: 09/28/2011
Sale Price: $ 93,000



**COMPARABLE SALE #3**

312 Pauline Pass
Linden
Sale Date: 04/28/2012
Sale Price: $ 118,000

| Client: Cheryl Enciso | | File No.: J2500 | |
|---|---|---|---|
| Property Address: 225 Sunflower Dr | | Case No.: | |
| City: Linden | State: MI | | Zip: 48451 |



2574 Airport Rd, Waterford, MI 48329  218-673-5400